UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: YHOSHUA COHEN and
PAMELA PENROD,

No. 7-10-15616 JR

Debtors.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on the Amended Motion to Dismiss filed by Property Owners Committee Rancho Ruidoso Valley Estates ("RRVE"), by and through its attorney of record, J. Robert Beauvais, P.A. (J. Robert Beauvais). *See* Docket No. 42.[1] On September 12, 2011, the Court held a hearing on the Amended Motion to Dismiss, at which hearing Yhoshua Cohen testified. No exhibits or other evidence was admitted at the final hearing held September 12, 2011. Following the hearing held September 12, 2011, the Court entered an order directing the Debtors to supplement certain discovery responses, and continuing the final hearing to November 22, 2011. *See* Order Resulting from Final Hearing on Creditor's Amended Motion to Dismiss (Docket No. 42) and on Creditor's Objection to Claim of Homestead Exemption (Docket No. 43) and Setting Continued Final Hearing on the Pending Motions (Docket No. 105).

---

[1] RRVE filed another Motion to Dismiss on August 23, 2011 ("Second Motion to Dismiss"). *See* Docket No. 95. RRVE filed the Second Motion to Dismiss following several discovery disputes. At the final hearing held September 12, 2011, counsel for RRVE stated that he intended the Second Motion to Dismiss to be a motion to dismiss under Rule 37, Fed.R.Civ.P., and that RRVE sought dismissal as a sanction for the Debtors' alleged failure to comply with discovery orders. The Court determined at the final hearing held September 12, 2011, that, in order to seek dismissal as a sanction for discovery violations, RRVE would have to file a motion pursuant to Rule 37, Fed.R.Civ.P., made applicable to bankruptcy cases by Rule 7037, Fed.R.Bankr.P. and Rule 9014, Fed.R.Bankr.P. On November 14, 2011, RRVE filed yet another Motion to Dismiss. *See* Renewed and Supplemental Motion to Dismiss ("Renewed Motion to Dismiss") (Docket No. 124). The Renewed Motion to Dismiss also included as grounds for dismissal the Debtors' alleged ongoing discovery violations. The Court determined that the Renewed Motion to Dismiss could not be considered as part of the November 22, 2011 hearing due to a lack of sufficient notice of the new issues in the Renewed Motion to Dismiss raised only about one week prior to the scheduled hearing date. The Renewed Motion to Dismiss also sought dismissal pursuant to Rule 37, Fed.R.Civ.P. based on alleged ongoing discovery violations, but failed to reference Rule 37, Fed.R.Civ.P. The Court offered to continue the hearing date so that RRVE could pursue the Renewed Motion to Dismiss, but counsel for RRVE declined, preferring to proceed solely on the merits of the instant motion. Consequently, the only motion before the Court is the Amended Motion to Dismiss. By separate orders, the Court has denied as moot the Second Motion to Dismiss and the Renewed Motion to Dismiss.

At the close of the final hearing held November 22, 2011, the Court took the matter under advisement.

The Amended Motion to Dismiss challenges whether the Debtors are legally married such that they are eligible to file a joint bankruptcy petition, and asserts further that the Debtors have made a false representation by claiming two homestead exemptions under New Mexico Law.[2]  *See* Docket No. 42.  After considering the evidence and testimony presented at the final hearing on the Motion to Dismiss in light of applicable case law, the Court concludes that RRVE has failed to rebut the presumption that the Debtors are married.  The Court will, therefore, deny the Motion to Dismiss.

In support of the Court's ruling, the Court makes the following findings of fact:

1. Yhoshua Cohen and Pamela Penrod filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code on November 11, 2010.

2. An Application for Marriage signed by Yhoshua Cohen and Pamela Penrod was issued by the Bernalillo County Clerk on October 29, 2010.  *See* Exhibit 2 entered into evidence at a final hearing on the Debtors' Amended Request for Sanctions and Attorneys' Fees Motion to Strike or Dismiss Creditor's Amended Motion to Dismiss and Objection to Same (Doc. 64), and RRVE's Motion to Compel Discovery (Doc. 68) held July 25, 2011.

3. A marriage certificate dated October 10, 2010 reflects the name of Albert Rice as the minister who performed the ceremony between Yhoshua Yosef Cohen and Pamela P.

---

[2]RRVE also filed an objection to the Debtors' claim of exemption.  *See* Docket No. 43.  The Court will address the question of whether the Debtors are entitled to claim two homestead exemptions under New Mexico law by separate order resolving RRVE's objection to the Debtors' claim of exemption.

Penrod held on November 5, 2010, and identifies the witnesses as Marge Otero and Tom Lucero. *Id.*

4. The marriage certificate does not reflect the signature of any party. *Id.*

5. Yhoshua Cohen testified that he and Pamela Penrod were married in a park in Albuquerque that they refer to as "hidden park," that Ms. Penrod made all of the arrangements for the marriage ceremony, that he had never met the person who performed the ceremony before the date of the wedding, that he believed the person who performed the ceremony was a rabbi but not affiliated with a church, and that the person who performed the ceremony brought the witnesses to the ceremony with him.

## DISCUSSION

Whether the Debtors Properly Filed a Joint Petition

Pursuant to 11 U.S.C. § 302, "[a] joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse." 11 U.S.C. § 302(a). Here, there is no allegation that either Pamela Penrod or Yhoshua Cohen is not eligible to be a debtor under Chapter 7 of the Bankruptcy Code. Rather, the allegation is that the Debtors are not eligible to file a joint petition because they have not established that they were married as of the petition date. It is correct that only married couples may file a joint petition under 11 U.S.C. § 302.[3] To determine whether two people are married, and, thus eligible to file a joint petition, it is appropriate for the Court to look to applicable state law.[4]

---

[3] *See In re Lucero,* 408 B.R. 348, 350 (Bankr.C.D.Cal. 2009)("Non-married cohabitants may not file a joint petition pursuant to § 302(a) . . .").
[4] *See In re Allen,* 186 B.R. 769, 773 n.3 (Bankr.N.D.Ga. 1995)(stating that "it is neither unusual nor inappropriate to look to state law for certain purposes [in applying the Bankruptcy Code], including the determination of whether or not two people are married" for purposes of § 302(a)); *In re Elliott,* 2009 WL 2611220, *1 (Bankr.N.D.Ohio

3

Under applicable New Mexico statutes, all persons who wish to get married in the state of New Mexico must obtain a license.[5] To get married, a couple must present the marriage license signed and sealed by the county clerk to the person authorized to solemnize the marriage.[6] Persons authorized to solemnize a marriage include ordained clergymen.[7] The person who performs a marriage ceremony has the duty to certify the marriage to the county clerk for recording.[8] Thus, for a marriage to be valid in New Mexico, "it must be solemnized before an appropriate official and be formally entered into by contract." *Rivera v. Rivera,* 149 N.M. 66, 69, 243 P.2d 1148, 1151 (Ct.App. 2010).[9] Further, the applicable statutes make it clear that "a license from a New Mexico county clerk is required in order for a couple to be married within this state." *Id.*

However, "[w]hile these statutes prescribe the manner in which a marriage may be solemnized in this state, nowher[e] do they set forth rules of evidence by which a valid marriage must be proven." *Trower v. Board of County Commissioners of Curry County,* 75 N.M. 125, 128, 401 P.2d 109, 111 (1965), overruled, in part, on other grounds by *Panzer v. Panzer,* 87 N.M. 29, 528 P.2d 888 (1974). A marriage is presumed valid. *Panzer v. Panzer,* 87 N.M. 29,

---

2009)(applying Ohio law regarding common law marriages to determine whether debtors were eligible to file a joint case under 11 U.S.C. § 302(a)). *Cf. In re Balas,* 449 B.R. 567 (Bankr.C.D.Cal. 2011)(same sex couple who were legally married under state law were eligible to file a joint Chapter 13 petition, notwithstanding the federal Defense of Marriage Act).

[5] *See* N.M.S.A. 40-1-10 (Repl. Pamp. 2006)("Each couple desiring to marry in New Mexico shall obtain a license from a county clerk and file the same for recording in the county issuing the license, following the marriage ceremony.").

[6] *See* 40-1-14 ("All persons authorized to solemnize marriage shall require the parties contemplating marriage to produce a license signed and sealed by the county clerk authorizing said marriage.")(Repl. Pamp. 2006).

[7] N.M.S.A. 1978 § 40-1-2 (Repl. Pamp. 2006)("A person may solemnize the contract of matrimony by means of an ordained clergyman . . .").

[8] N.M.S.A. 1978 § 40-1-15 (Repl. Pamp. 2006)("It shall be the duty of all persons performing the marriage ceremony in this state as herein provided, to certify said marriage to the county clerk within ninety days from the date of marriage. The county clerk shall immediately upon receipt of said certificate cause the same to be properly recorded . . . ").

[9] *See also, Merrill v. Davis,* 100 N.M. 552, 553, 673 P.2d 1285, 1286 (1983)(same)(stating that, "[f]or a marriage to be valid, it must be formally entered into by contract and solemnized before an appropriate official)(citations omitted).

32, 528 P.2d 888, 891 (1974)("a marriage, standing alone, is presumed valid.")(citing *Trower,* 175 N.M. 125, 401 P.2d 109)(remaining citation omitted)).  The party attacking this presumption must prove the invalidity of the marriage by clear and convincing evidence. *Panzer,* 87 N.M. at 32 (overruling *Trower* to the extent it "characterizes the presumption of validity attaching to a marriage as 'one of the strongest presumptions known', and 'strong[ ]'" and holding "that the invalidity must be proven by clear and convincing evidence.").

Here, the Debtors obtained a valid New Mexico marriage license issued by the County Clerk of Bernalillo County, but could not produce a marriage certificate signed by both parties. Nor was any evidence presented as to whether Albert Rice, the person identified on the unsigned marriage certificate as the person who performed the marriage ceremony, is a clergyman authorized to solemnize the marriage under the applicable New Mexico statute.
In addition, at the hearing held September 12, 2011, RRVE questioned Mr. Cohen about a prior marriage in the state of California.  Mr. Cohen testified that he was divorced in the county of Ontario, California, and that a divorce petition was granted in California.  No other evidence was presented to demonstrate that this marriage has not been terminated.   In any event, "[i]n dual marriage situations, in which the validity of the second marriage is attacked on the basis of the first being a subsisting relationship at the time the second was contracted, the presumption of validity attaches to the second marriage." *Panzer,* 87 N.M. at 32 (citation omitted).

In *Rivera,* the court considered whether a couple who obtained a marriage license from the State of Texas and held a marriage ceremony in New Mexico but failed to obtain a New Mexico marriage license nevertheless had a valid marriage. *Rivera,* 149 N.M. at 71.  The *Rivera* court held that the marriage at issue was valid and met the legal requirement of a marriage in New Mexico despite the parties' failure to obtain a New Mexico license, reasoning in part that

5

because nothing in the applicable statutes expressly declares a marriage void based solely on the absence of a New Mexico marriage license, the New Mexico Legislature did not intend to make such marriages void. *Rivera* at 70 and 71. The *Rivera* court reasoned further that nothing about the marriage at issue indicated an attempt to circumvent New Mexico law by engaging in a marriage that would be contrary to the types of marriages expressly prohibited by New Mexico statute. *Id.* at 71.

Other than the existence of the marriage license and unsigned marriage certificate, there is little evidence before the Court to demonstrate whether the Debtors are validly married. There is little or no evidence demonstrating that the Debtors held themselves out as husband and wife or regularly conducted their affairs as a married couple. However, there is no evidence before the Court to the contrary.[10] The Court cannot determine whether Mr. Rice was qualified to solemnize the ceremony under the applicable New Mexico statutes. RRVE bears the burden of proof by clear and convincing evidence to demonstrate the invalidity of the marriage. *Panzer,* 87 N.M. at 32. Based on the evidence presented at trial, the Court concludes that RRVE has failed to demonstrate by clear and convincing evidence that the Debtors' marriage is invalid.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 7, 2012

---

[10]On October 7, 2011, RRVE filed an Affidavit of Jennifer Wright with attached exhibits. *See* Docket No. 113. The Affidavit of Jennifer Wright includes a statement that Mr. Cohen identified Pamela Penrod as his cousin and that he introduced Ms. Penrod as his cousin to other tenants. However, neither the Affidavit of Jennifer Wright nor the attached exhibits were offered or admitted into evidence at the final hearing held November 22, 2011. Jennifer Wright did not testify at the final hearing on November 22, 2011.

6

COPY TO:

**John Robert Beauvais**
J. Robert Beauvais, P.A.
Attorney for Property Owners Committee of Rancho Ruidoso Valley Estates
PO Box 2408
Ruidoso, NM 88345

**Yhoshua Cohen**
100 Cowboy Ct
Alto, NM 88312

**Pamela Penrod**
2005 Little Creek Rd
Alto, NM 88312