UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: YHOSHUA COHEN and
PAMELA PENROD,

No. 7-10-15616 JR

Debtors.

## ORDER SUSTAINING, IN PART, OBJECTION
## TO CLAIM OF HOMESTEAD EXEMPTION

THIS MATTER is before the Court on the Objection to Claim of Homestead Exemption ("Objection") filed by Property Owners Committee of Rancho Ruidoso Valley Estates ("RRVE"), by and through its counsel of record, J. Robert Beauvais, P.A. (J. Robert Beauvais). *See* Docket No. 43. The Objection asserts that the New Mexico Homestead Exemption Statute provides that only the owner in fee simple can claim a homestead exemption, that only Yhoshua Cohen had title to the real property at issue as of the date the Debtors filed their bankruptcy petition, and that the Debtors entered into a sham marriage shortly before filing their bankruptcy petition in an attempt to shelter the real property from a prior judgment obtained by RRVE.[1] *See* Docket No. 42, ¶¶ 2 – 4. Based on these assertions, RRVE requests the Court to deny the Debtors' homestead exemption, in whole, or in part. The Court held a final hearing on the Objection on September 12, 2011, and a continued final hearing on the Objection on November 22, 2011. At the close of the hearing on November 22, 2011, the Court took the matter under advisement.

---

[1] The Court determined in its Order Denying Amended Motion to Dismiss that RRVE failed to meet its burden of demonstrating by clear and convincing evidence that the Debtors's marriage is invalid. *See* Docket No. 140. Consequently, the Court need not address RRVE's argument that the Debtors entered into a sham marriage in connection with the Objection. Nor will the Court address any alternative grounds to disallow the Debtor's claim of homestead exemption, or RRVE's assertion that the Debtors failed to comply with discovery requirements, that may have been raised in connection with the Motion to Dismiss (Docket No. 95) and the Renewed and Supplemental Motion to Dismiss (Docket No. 124). The Court has denied as moot the Motion to Dismiss and the Renewed and Supplemental Motion to Dismiss by separate orders. (*See* Docket Nos. 141 and 142).

After consideration of the evidence and testimony presented at the final hearings, and being otherwise sufficiently informed, the Court finds that under the applicable New Mexico exemption statute 1) Yhoshua Cohen is entitled to claim a homestead exemption in the amount of $60,000.00; and 2) Pamela Penrod is entitled to claim a homestead exemption only in her leasehold interest and purchase option, and is not entitled to claim a homestead exemption in the amount of $60,000.00 in the real property itself.   Accordingly, the Court will sustain, in part, RRVE's Objection, and in connection therewith FINDS:

1. Yhoshua Cohen and Pamela Penrod filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 11, 2010.

2. Yhoshua Cohen and Pamela Penrod claimed an exemption in the amount of $120,000 in property identified as lot 8 blk 8 RRVE 1113 Little Creek (the "Property") pursuant to N.M.S.A. 1978 § 42-10-9.

3. Yhoshua Cohen purchased the Property with funds he obtained from Pamela Penrod following the sale of her home in Las Cruces.

4. Yhoshua Cohen executed a "Secured Promissory Note" in favor of Pamela Penrod in the amount of $50,500.00. *See* Exhibit A.  The "Secured Promissory Note" is dated January 4, 2004.

5. Pre-petition, Yhoshua Cohen executed a deed transferring the Property to the Consolate of Israel.

6. The Consolate of Israel executed a deed re-conveying the Property to Yhoshua Cohen.

2

Case 10-15616-j7    Doc 143    Filed 02/07/12    Entered 02/07/12 14:10:13 Page 2 of 9

7. Yhosha Cohen, as landlord, and Pamela Penrod, as tenant, entered into a Residential Lease Agreement ("Lease") on April 13, 2008 to use the Property described as a "House Share." *See* Exhibit B.

8. The Lease provides for rent in the amount of $6,000 to be paid annually by Pamela Penrod to Yhoshua Cohen. *Id.*

9. The term under the Lease expires on April 13, 2021. *Id.*

10. The Lease includes s a provision entitled "Prepaid Payments" which states that "[t]he Tenant and Landlord acknowledge that Tenant has prepaid $50,500 in lease payments and is credited with paid lease of 9.5 years thus being paid through October 31, 2017." *Id.*

11. Pamela Penrod and Yhoshua Cohen entered into a Lease to Purchase Option Agreement (the "Option Agreement") relating to the Property on April 13, 2008. *See* Exhibit C.

12. The Option Agreement provides that Pamela Penrod may exercise the option between April 13, 2008 and April 13, 2021. *Id.*

13. The Option Agreement states that "[t]he total purchase price for one half equity share of the property is $50,500.00. Seller/Landlord shall creditor towards the purchase price at closing the sum of $50,500.00 lease payment that the Buyer/Tenant has made." *Id.*

14. The Option Agreement provides that the "Buyer/Tenant shall not record this Option to Purchase Agreement in the Public Records of any public office without the express and written consent of Seller/Landlord." *Id.* The Option Agreement was not recorded.

15. The Debtors live in the Property but also have had "guests that come and go over the years" who resided at the Property, and the Debtors have also rented portions of the Property to tenants.[2]

DISCUSSION

The sole grounds raised by RRVE in support of its objection to the claim of homestead exemption are: 1) that under the New Mexico homestead statute only an owner in fee can claim a homestead exemption, and that only Yhoshua Cohen had title to the Property as of the time the bankruptcy petition was filed; and 2) that the Debtors' petition demonstrates that Pamela Penrod does not live at the Property. A debtor's right to claim a homestead exemption in property of the bankruptcy estate is determined as of the date of the filing of the debtor's bankruptcy petition. *In re Robinson,* 295 B.R. 147, 153 (10th Cir. BAP 2003)("the bankruptcy petition date is the appropriate date on which to determine exemptions.")(citation omitted).[3] The Debtors in this case each claimed a homestead exemption under state law. The New Mexico homestead exemption statute provides:

> Each person shall have exempt a homestead in a dwelling house and land occupied by the person or in a dwelling house occupied by the person although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of sixty thousand dollars ($60,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of sixty thousand dollars ($60,000).
>
> N.M.S.A. § 42-10-9 (1978)(Cum. Supp. 2007).

---

[2] RRVE did not object to the claims of homestead exemption on the ground that the Property does not constitute an exemptible homestead.

[3] *See also, In re Johnson,* 184 B.R. 141, 145 (Bankr.D.Wyo. 1995)(finding that debtor's claim of homestead exemption under Wyoming law was valid based on debtor's occupancy of the townhouse as of the petition date).

4

To decipher the meaning of a statute, the Court must begin with the language of the statute itself. *See U.S. v. Ron Pair Enterprises, Inc*., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)("The task of resolving the dispute over the meaning of § 506(b) begins where all such inquiries must begin: with the language of the statute itself.")(citation omitted). As of the petition date, the facts establish that Yhoshua Cohen had legal title to the Property. Pamela Penrod held a leasehold interest in the Property with an option to purchase the Property. The question before the Court is whether the exemption statute extends to both of these interests, and, if so, what is the value of each exemption.

    A. Yhoshua Cohen's Homestead Exemption

Yhoshua Cohen testified that he first acquired the Property through a loan from Pamela Penrod from the sale of her home in Las Cruces. Mr. Cohen also testified that he later attempted to obtain a property tax exemption for the Property by transferring the Property to Consolate [sic.] of Israel, and that, when his effort to obtain a property tax exemption for the Property was unsuccessful, the Property was transferred from Consolate of Israel back to him.

As the objecting party, RRVE bears the burden of proving that the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c); *In re Sauer,* 403 B.R. 722, 725 (Bankr.D.Kan. 2009)(citing Fed.R.Bankr.P. 4003(c)). Here, it is not in dispute that a warranty deed for the Property reflects Yhoshua Cohen as record title owner of the Property as of the petition date. As record title owner, Yhoshua Cohen is entitled to claim a homestead exemption in the Property under the New Mexico homestead exemption statute in the amount of $60,000.00. RRVE has failed to demonstrate that Yhoshua Cohen improperly claimed a homestead exemption in the Property.

5

B. <u>Pamela Penrod's Homestead Exemption</u>

There is no New Mexico case law interpreting the portion of the New Mexico homestead exemption statute relating to a dwelling house a person occupies that is "leased or being purchased by the person claiming the exemption." New Mexico case law does make clear that the intended purpose of the homestead exemption is to "benefit the debtor" and "to prevent families from becoming destitute as the result of misfortune through common debts which generally are unforeseen." *Coppler & Mannick, P.C. v. Wakeland,* 138 N.M. 108, 111, 117 P.3d 914, 917 (2005)(internal quotation marks and citations omitted). In addition, "exemption statutes in New Mexico should be liberally construed." *Morgan Keegan Mortg. Co. v. Candelaria,* 124 N.M. 405, 406, 951 P.2d 1066, 1067 (Ct.App. 1997)(citations omitted).

RRVE asserts that the New Mexico homestead statute applies only to an owner in fee. This contention is contrary to the plain language of the statute. The plain language of the statute provides that a person who occupies a dwelling house on land owned by another may claim a homestead exemption if the person is leasing or purchasing the dwelling. N.M.S.A. 1978 § 42-10-19. As of the petition date, Pamela Penrod held both a leasehold interest in the Property and an option to purchase the Property under the Lease To Purchase Option Agreement. Under the plain language of the statute, this interest constitutes a sufficient interest in the Property in which to claim a homestead exemption. This result is consistent with many other states that allow something less than ownership interest in fee to serve as the basis for a homestead exemption in property. *See, e.g., In re Gray,* 378 B.R. 728 (Bankr.D.Mass. 2007)(applying Massachusetts homestead exemption statute and allowing debtors claim of homestead exemption in mobile home situated on land leased by the debtors).[4]

---

[4] *See also, In re Casserino,* 290 B.R. 735, 740 (9th Cir. BAP 2003), *aff'd,* 379 F.3d 1069 (9th Cir. 2004)(applying Oregon law, and affirming bankruptcy court's holding that the "owner of a possessory interest in leased property in

In contesting Pamela Penrod's claim of homestead exemption, RRVE also asserted that the Debtors created the documents admitted at trial after the fact in order to "manufacture" an interest that would support a homestead exemption. RRVE points out that neither the Lease nor the Option Agreement was recorded in the real property records of the county where the Property is located. At trial, Mr. Cohen testified that he purchased the Property in his name with money Ms. Penrod lent him because Ms. Penrod was facing some tax lien problems, that he and Ms. Penrod prepared the documents themselves based on similar documents that Ms. Penrod's father had used before, and that they attempted to structure the Lease and the Lease to Purchase Option to protect Ms. Penrod. Finally, RRVE asserted in its objection that the Debtors' petition demonstrated that Pamela Penrod does not live at the Property.[5] Mr. Cohen testified at trial that Ms. Penrod lives at the Property, that due to her health problems she wanted her own space for a period of time, but that he and Ms. Penrod live at the Property together. Based on the evidence before the Court, the Court finds that RRVE did not satisfy its burden of demonstrating that the Debtors created the documents after the fact to manufacture an exemptible interest in a homestead, that the Property was not Ms. Penrod's homestead on the petition date, or that Ms. Penrod's exemption is not properly claimed.

---

which [the debtor] resides may claim a homestead exemption to the extent of that interest."); *Fisher v. Kellogg,* 128 Neb. 248, 258 N.W. 404, 406 (Neb. 1935)(holding under Nebraska homestead exemption statute, that"[i]t is not necessary that the ownership be of an estate in fee simple, but any interest, either legal or equitable, that gives a present right of occupancy or possession . . . . accompanied by the exclusive occupancy of the premises by the owner of such interest, and his family, as a home, is sufficient to support a homestead exemption.")(citations omitted); *In re Emerson,* 58 Minn. 450, 450, 60 N.W. 23, 23 (1894)(noting that "[t]he benefits of a homestead law are not confined to an ownership in fee . . ."); W.W. Allen, Annotation, *Estate or Interest in Real Property to Which a Homestead Claim May Attach,* 74 A.L.R.2d 1355 (collecting state cases that recognize something less than fee simple as a sufficient interest in property to support a homestead exemption). *But cf. In re Greene,* 583 F.3d 614, 621 (9th Cir. 2009)(applying Nevada law, and explaining that in order to claim a homestead exemption, a debtor must have an ownership interest in the property, not merely a right to possession); *In re Pettit,* 231 B.R. 101, 104 (Bankr.M.D.Fla. 1999)(holding that debtor who held a vested remainder interest in single family residence where he resided did not have a sufficient possessory interest in which to claim a homestead exemption under Florida law).
[5] The joint petition for relief commencing this bankruptcy case lists the Property as the street address for both Debtors. The joint petition reflects a different mailing address for Mr. Cohen only.

7

Having determined that plain language of the New Mexico statute extends a homestead exemption to a debtor's interest under a lease or a lease with option to purchase, the Court must next determine the appropriate amount of the homestead exemption. As explained by the Supreme Court of Oklahoma long ago,

> [a]s a general rule ownership in fee is not essential in order to establish a homestead right in land. The homestead right is not an estate in land, *but a mere privilege of exemption from execution of such estate as the holder has.* Any interest in land coupled with the requisite occupancy is sufficient to support a homestead exemption. It may be supported by a life estate, by a leasehold interest, by a tenancy at will or at sufferance, or by a mere possessory interest or equitable title.
>
> *Mercer v. McKeel,* 188 Okla. 280, 108 P.2d 138, 141 (Okla. 1940)(emphasis added)(citation omitted).

Thus, the amount of a debtor's homestead exemption is necessarily limited to the value of the estate the debtor holds in the property at issue.[6] Under the New Mexico homestead exemption statute applicable here, the amount of Pamela Penrod's homestead exemption is limited to the value of her interest in the Property, not to exceed $60,000.00. Ms. Penrod's interest in the Property consists of her leasehold interest and her pre-paid option to purchase a "one half equity share of the property for $50,500.00" any time before April 13, 2021. *See* Lease to Purchase Option Agreement – Exhibit C. The present value of that interest for purposes of determining the amount of Ms. Penrod's homestead exemption has not been quantified.

WHEREFORE, IT IS HEREBY ORDERED that the Objection is SUSTAINED, in part, and OVERRULED, in part. Yhoshua Cohen's homestead exemption in the Property in the

---

[6] *See also Casserino,* 290 B.R. at 740 (construing Oregon homestead exemption law, and agreeing with the bankruptcy court's holding that "an owner of a possessory interest in leased property in which he resides may claim a homestead exemption **to the extent of that interest.**")(emphasis added). *Cf. In re Rogers,* 513 F.3d 212, 225 (5th Cir. 2008)(observing, under Texas law, that "[t]he homestead exemption and the property interest impressed with that exemption are discrete concepts: the former is the debtor's legal right to exempt certain property interests from the bankruptcy estate, the latter is the debtor's vested economic interest in the property itself.").

8

amount of $60,000.00 is allowed. Pamela Penrod's homestead exemption in the Property is allowed, but only to the extent of her interest in the Property, not to exceed $60,000.00 in value.

                                                                                                    ROBERT H. JACOBVITZ
                                                                                                    United States Bankruptcy Judge

Date entered on docket: February 7, 2012

COPY TO:

**John Robert Beauvais**
J. Robert Beauvais, P.A.
Attorney for Property Owners Committee of Rancho Ruidoso Valley Estates
PO Box 2408
Ruidoso, NM 88345

**Yhoshua Cohen**
100 Cowboy Ct
Alto, NM 88312

**Pamela Penrod**
2005 Little Creek Rd
Alto, NM 88312

9